```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


IN RE:                          )
                                )
    WILLIAM N. MANTALVANOS,     )    BANKRUPTCY CASE NO.
        Debtor,                 )    09-45378-HJB
                                )
                                )    CIVIL ACTION NO.
ARA ERESIAN, JR.,               )    10-40129-DPW
        Appellant,              )
                                )    FIRST CIRCUIT NO.
    v.                          )    11-1062
                                )
WILLIAM N. MANTALVANOS,         )
        Defendant.              )
```

## MEMORANDUM AND ORDER
### August 16, 2011

The Notice of Appeal from the contested Bankruptcy Court ruling in this matter was filed on July 15, 2010. That same day — in accordance with this Court's Local Rule, L.R. D. Mass. 203, which is designed to expedite consideration of appeals from the Bankruptcy Court — a briefing schedule was established in this court to commence with appellant's brief on July 29, 2010. Beginning July 29, 2010, the pro se appellant, Ara Eresian, Jr., obtained successive extensions of time for the filing of his brief through October 29, 2010.

When - without any further request for a continuance - appellant failed to file his brief by October 29, 2010, appellee filed a motion to dismiss (#11) the case. Not having received from Mr. Eresian either a further motion to continue nor an opposition to the motion to dismiss, I granted the motion to dismiss on November 29, 2010 and ordered the case closed (#16).

That same day, Mr. Eresian submitted a Motion to Vacate the Dismissal (#17) and also filed his initial brief with a "Motion to File Initial Brief and Record Appendix Instanter" (#18).[1] Although I have some question whether the filing of the Notice of Appeal has ousted this court of jurisdiction, I will adopt the procedure now codified in Fed. R. App. P. 12.1(b) and indicate my intention by docketing rulings denying the motion to vacate and the motion to file initial brief "instanter." I do so because no good cause exists to indulge Mr. Eresian's dilatory approach to the appeal he filed from the Bankruptcy Court.

A review of Mr. Eresian's various failures to meet extended filing dates for his brief will give some sense of his characteristic lack of due diligence in prosecuting this appeal.

Mr. Eresian's July 29, 2010 motion to continue (#7) for 43 days, filed on the date the brief was due, stated that the appellant, who is not a member of the bar, was working on another brief due August 13 in connection with two First Circuit cases[2] and that he anticipated a reply brief due in the Massachusetts

---

[1] It appears that an initial Motion to File Instanter (#15), which was superceded by the Motion to File Instanter (#18) now pending on this Court's docket, may have been filed by Mr. Eresian virtually simultaneously with the court's filing of the order dismissing the appeal.

[2] The First Circuit dismissed these cases, First Circuit Nos. 09-1511 and 09-1605 on August 20, 2010 for lack of diligent prosecution by appellant. On May 17, 2011, the Court of Appeals denied appellant's motion to vacate the dismissal. Mandate issued on May 25, 2011.

2

Appeals Court on August 27, 2010.[3]  The motion to extend was granted for more than the additional time requested, until October 6, 2010.

On October 6, 2010, again the day his brief was due, Mr. Eresian filed another motion to extend, this time until October 29, 2010.  That motion asserted that appellant was "sidetracked with having to assist local Florida counsel in research and preparation of a brief that was in fact electronically filed . . . on October 4, 2010."[4]  Mr. Eresian also submitted that he "hereby certifies to this Court that no further continuance will be necessary."  The requested extension to October 29, 2010 was allowed.

Despite Mr. Eresian's "certification," October 29, 2010, came and went with no further communication from the appellant regarding the need for a further continuance.  Consequently, a month later, on November 29, 2010, acting on the motion of the

---

[3] The Massachusetts Appeals Court stayed this action on March 17, 2011 pending clarification regarding the application of an automatic stay resulting from a bankruptcy court proceeding. On September 1, 2010, Mr. Eresian had filed a motion to extend his reply brief due date.  Although that motion was allowed the same day, he still had not filed a reply brief by the time the case was taken under advisement on January 28, 2011.  The Appeals Court docket notes that Mr. Eresian had filed three motions for extension in this matter which added 122 days to the processing of the appeal.

[4] The docket for this case in the United States District Court for the Middle District of Florida, *Wilson v. Patricca*, No. 2-10-cv-00534-CEH, reflects no action having been taken on this case since appellant's brief was filed on October 4, 2010.

3

appellee, I ordered the case dismissed.  That same day, Mr. Eresian moved to vacate the dismissal, asserting generally that "he has been burdened with many responsibilities both professionally and personally which admittedly led to a delay in the filing of the brief."  He offered no explanation, however, for why he had let the time for filing his brief lapse for a month without following his practice of moving for further extensions.

The appellant is no stranger to litigation[5] and the list of many state and federal cases he has litigated demonstrates that he is no neophyte in the appellate process.  A review of the very considerable amount of *pro se* litigation in which the appellant has participated in the federal and state courts having jurisdiction over matters arising in the Commonwealth of Massachusetts shows a pattern and practice of dilatoriness reflecting a failure diligently to prosecute the appeals in which he is interested.  *See e.g.* Notes 2 and 3 *supra*.

Appellant's desultory approach to his duties of timeliness in briefing does not justify vacating the order of dismissal in this case.  I have also reviewed his *pro se* brief — which itself ironically seeks to challenge the consequences of his

---

[5] Mr. Eresian's litigation undertakings as a law school graduate who has been unable to pass the bar exam were recently chronicled in a lengthy newspaper feature story.  Thomas Caywood, *Legal fights never end: Who is Ara Eresian; Why does he do it?* WORCESTER SUNDAY TELEGRAM, June 12, 2011.

4

dilatoriness in the Bankruptcy Court — and do not find it persuasive on the merits. While I granted this dismissal on grounds of want of timely prosecution of the appeal, having reviewed Mr. Eresian's brief on the merits, I am obligated also to indicate my view that his appeal is futile. I am satisfied that the Bankruptcy Judge engaged in no abuse of discretion through his rulings designed to structure Mr. Eresian's participation in the underlying bankruptcy proceeding. As a consequence, to the degree they are properly before me, the Motion to File Instanter (#18) and the pending Motion to Vacate (#17) are both DENIED.

                                            ***/s/ Douglas P. Woodlock***
                                            DOUGLAS P. WOODLOCK
                                            UNITED STATES DISTRICT JUDGE